IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EFFEX CAPITAL, LLC AND JOHN DITTAMI, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FUTURES ASSOCIATION, JOHN DOES 1-5, and JANE DOES 1-5, <br><br> Defendants. | Case No. 1:17-cv-04245 <br><br> District Judge Andrea R. Wood |

**MOTION FOR LEAVE TO FILE MEMORANDA UNDER SEAL AND TO UNSEAL EXHIBITS TO THE SUPPLEMENTAL AFFIDAVIT OF JOHN DITTAMI**

Defendant National Futures Association, Inc. ("NFA") respectfully requests that this Court enter an order:

- Unsealing Exhibits A–E to the June 1, 2017 Supplemental Affidavit of John Dittami (Dkt. 13) ("Supplemental Affidavit").

- Granting NFA leave to file Exhibits 1 and 2 of this motion under seal. Those Exhibits are NFA's unredacted Memorandum In Opposition To Plaintiffs' Motion For Preliminary Injunction ("PI Opp.") (Exhibit 1); and its unredacted Memorandum In Support Of Its Motion To Dismiss ("MTD") (Exhibit 2).

- Provisionally granting NFA leave to file Exhibits 3, 4, and 5 of this motion under seal, but then unsealing those exhibits and making them available publicly after it resolves this motion. These Exhibits are the Declaration of Casey J. Gioielli (Exhibit 3); NFA's proposed redacted PI Opp. (Exhibit 4); and NFA's proposed redacted MTD (Exhibit 5).

**BACKGROUND**

On June 6, 2017, Plaintiffs filed their Complaint, Dkt. 1, and Motion For Preliminary Injunction, Dkt. 7, and concurrently requested leave to file the Supplemental Affidavit under seal. Dkt. 11 ¶ 4. Attached to the Supplemental Affidavit are four exhibits related to a disciplinary adjudication involving nonparties to this case: Forex Capital Markets, LLC and its principals (collectively, "FXCM"), as well as a fifth exhibit that is a news article regarding FXCM. This Court granted Plaintiffs' sealing request on June 13, 2017. Dkt. 18.

Although Plaintiffs requested leave to file five exhibits to the Supplemental Affidavit under seal, they are all publicly available on the Internet. As Plaintiffs acknowledge, Exhibit A (the NFA Complaint); Exhibit B (the NFA Decision); Exhibit C (the NFA Narrative); and Exhibit D (the NFA Press Release) have been publicly available on NFA's website since February 6, 2017. In addition, Exhibits A and B have been publicly filed in a case pending in the Southern District of New York in which Plaintiffs are named defendants. *Nguyen v. FXCM Inc.*, No. 17-CV-2729 (S.D.N.Y. Apr. 14, 2017), ECF Nos. 1-2, 1-3. And the findings of the Community Futures Trading Commission ("CFTC"), which are materially identical to NFA's findings, also appear in unredacted form on the Internet and on Westlaw. *In re Forex Capital Mkts., LLC*, No. 17-09, 2017 WL 564341, at \*3, \*6 (C.F.T.C. Feb. 6, 2017). Exhibit E is a publicly available Internet posting on a third-party website authored by a former FXCM Managing Director.

Concurrently with this motion, NFA files a motion to dismiss Plaintiffs' Complaint, as well as a response to Plaintiffs' Motion For Preliminary Injunction. NFA's filings refer, in only a few places, to information in the Supplemental Affidavit that does *not* appear in the Exhibits to the Supplemental Affidavit. NFA does not object at this time to the sealing of information in the Supplemental Affidavit itself that does not appears in the Exhibits based on Plaintiffs' representations

that it believes the information is secret, though NFA disputes the contents of the Supplemental Affidavit and that Plaintiffs have a colorable trade secrets claim.

NFA's filings refer frequently, however, to information in the Exhibits to the Supplemental Affidavit, and NFA requests that the Court unseal the Exhibits. That is because this case is *about* those Exhibits: Plaintiffs contend that the NFA Complaint, NFA Decision, NFA Narrative, and NFA Press Release, which constitute Exhibits A through D of the Supplemental Affidavit, are defamatory and tortious in several respects. As such, NFA's response necessarily addresses the content of those documents at length and they are inescapably at the heart of all the legal issues the Court must address in this case.

As explained below, the Court should unseal the Exhibits to the Supplemental Affidavit. If it does so, it should also permit Exhibits 3, 4, and 5 to this Motion—which, like those Exhibits, contain no information that does not already appear publicly on the Internet—to be filed publicly. Finally, the Court should seal Exhibits 1 and 2, which contain information from the Supplemental Affidavit that does not appear publicly on the Internet.

**I.  THE COURT SHOULD UNSEAL THE EXHIBITS TO THE SUPPLEMENTAL AFFIDAVIT BECAUSE THEY ARE AVAILABLE PUBLICLY ON THE INTERNET.**

"[D]ocuments submitted to a court are presumptively available for public inspection in order to facilitate public monitoring of the courts." *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, J.) (citing *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567–69 (7th Cir. 2000)). Courts must follow this rule even when evaluating seemingly narrow sealing requests: "While sealing of one document in one case may not have a measurable effect on confidence in judicial integrity or on the effective operation of the courts, the effect of a consistent practice of sealing documents could prove damaging." *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1313 (7th Cir. 1984). Courts must adhere to this rule even when both parties agree to seal documents, because "the interest in publicity

3

will go unprotected unless the media are in the case and move to unseal. The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

A party must demonstrate good cause for a sealing order, such as a showing that the information to be sealed contains "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). A conclusory statement that the information satisfies this criterion is not enough: a party must establish "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002). Absent an adequate showing of specific harm that the party will suffer as a result of the disclosure, "the court will come down on the side of the public." *Neil v. Zell*, No. 08-CV-6833, 2011 WL 843661, at *3 (N.D. Ill. Mar. 3, 2011).

Plaintiffs have not shown that the Exhibits to the Supplemental Affidavit should be sealed. Their Motion For Leave To File Under Seal states that the Supplemental Affidavit "contains trade secrets and other confidential and proprietary information regarding the business of Effex Capital, LLC" and that filing under seal "is necessary in order to prevent further harm to the Plaintiffs." Dkt. 11 ¶¶ 3–4. These conclusory assertions do not meet the Seventh Circuit's requirement for a specific, document-by-document explanation of the propriety for secrecy. Nor could Plaintiffs possibly meet that standard with respect to the Exhibits, because they are *already* publicly available on the Internet.

As explained above, Exhibits A through D are already available publicly on NFA's website. Moreover, even if the Court allowed Plaintiffs to seal the Exhibits, contrary to the Seventh Circuit's clear direction, the information therein would still be publicly available on the Internet: Exhibits A and B (the NFA Complaint and NFA Decision) are available on PACER in a class action lawsuit over which NFA has no control, *supra* at 2, while Exhibits C and D (the NFA Narrative and NFA

4

Release) merely summarize the content of Exhibits A and B. Notably, although Plaintiffs are named defendants in that class action lawsuit, they have taken no steps to request sealing of the very same documents they seek to place under seal in this Court.

Finally, Exhibit E is available publicly on the website of a third party that is not a litigant here. Plaintiffs cannot establish good cause to seal information that is already publicly available. *Neil*, 2011 WL 843661, at *6 ("Information that is already public should be made public in this case."); *accord Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc.*, No. 12-CV-565, 2014 WL 1234506, at *3 (D. Haw. Mar. 24, 2014) (finding "no compelling reason to allow redactions for information that has already been made publicly available").

Moreover, it would be particularly incongruous to seal the NFA Complaint, NFA Decision, NFA Narrative, and NFA Release, given that they are public records subject to judicial notice on a motion to dismiss. *See, e.g.*, *Charles Schwab & Co. v. Carter*, No. 04-CV-7071, 2005 WL 2369815, at *7 (N.D. Ill. Sept. 27, 2005). No authority supports the proposition that publicly-available public records should be sealed.

If the Court seals the Exhibits to the Supplemental Affidavit, then the Court will effectively bar the public from learning *anything* about this lawsuit. As explained above, this suit is *about* the NFA Complaint, NFA Decision, NFA Narrative, and NFA Release. As such, NFA's filings—and any other substantive filing in the case—will necessarily refer to those documents. Sealing those documents, and all other documents referring to them, will wall off this entire lawsuit from the public, in contravention of the public's right of access to the courts.

The Exhibits to the Supplemental Affidavit should therefore be unsealed.

**II.     THE COURT SHOULD SEAL EXHIBITS 1 AND 2 TO THIS FILING.**

Exhibits 1 and 2 to this filing are unredacted versions of NFA's opposition to Plaintiffs' motion for a preliminary injunction, as well as NFA's motion to dismiss. These filings contain

5

information that appears in the Supplemental Affidavit, and which, according to Plaintiffs, is secret and does not appear elsewhere on the Internet. Although NFA dispute the facts in the Supplemental Affidavit and disputes that Plaintiffs have a colorable trade secrets claim, NFA does not object to the sealing of this information at this time based on Plaintiffs' representations.

### III. THE COURT SHOULD UNSEAL EXHIBITS 3, 4, AND 5 TO THIS FILING BECAUSE THEY REFER ONLY TO PUBLICLY-AVAILABLE INFORMATION.

In an abundance of caution, NFA has provisionally submitted Exhibits 3, 4, and 5 to this filing under seal. However, if the Court unseals the Exhibits to the Supplemental Affidavit, it should also unseal Exhibits 3, 4, and 5 to this filing.

Exhibits 4 and 5 to this filing are proposed redacted versions NFA's PI Opp., as well as NFA's MTD. The redacted information in these filings is information that appears in the Supplemental Affidavit itself and not its Exhibits. However, as explained above, NFA's filings necessarily refer at length to the Exhibits to the Supplemental Affidavit—that is, the Exhibits that are publicly available on the Internet, and that NFA requests to be unsealed in this Motion. If those Exhibits are unsealed, Exhibits 4 and 5 should be unsealed as well.

Exhibit 3 to this filing is the Declaration of Casey J. Gioielli, a paralegal from NFA's outside counsel, which attaches several exhibits, all of which are publicly available on the Internet. For the reasons already given, there is no basis to seal documents that are already publicly available. Exhibit 3 should therefore be unsealed as well.

### CONCLUSION

NFA respectfully requests that this Court (1) unseal Exhibits A–E to the Supplemental Affidavit; (2) grant NFA leave to file Exhibits 1 and 2 to this Motion under seal; and (3) unseal Exhibits 3, 4, and 5 to this Motion.

July 10, 2017                                             Respectfully submitted,

                                                               NATIONAL FUTURES ASSOCIATION

                                                               By: /s/ Gregory M. Boyle
                                                                       One of Its Counsel

| Gregory M. Boyle | Adam G. Unikowsky* |
| --- | --- |
| Amit B. Patel | Zachary C. Schauf* |
| JENNER & BLOCK LLP | JENNER & BLOCK LLP |
| 353 N. Clark Street | 1099 New York Ave. NW, Suite 900 |
| Chicago, IL 60654-3456 | Washington, DC 20001 |
| (312) 923-2651 | (202) 639-6000 |
| gboyle@jenner.com | * *pro hac vice* pending |